# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISTVAN MERCHENTHALER, | No. 4:19-CV-00471 |
| Plaintiff, | (Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 16, 2020

Plaintiff Istvan Merchenthaler, a federal prisoner presently confined at the Federal Correctional Center at Allenwood in White Deer, Pennsylvania, filed a complaint pursuant to the Federal Tort Claims Act (FTCA) arguing that prison staff were negligent in applying a greater prison security measure to his prisoner classification, preventing him from being designated to a prison camp, and were also negligent in refusing to remove it.[1] Presently before the Court are Defendants' motion to dismiss, or in the alternative, for summary judgment,[2] and a motion for protective order,[3] as well as Plaintiff's motions for limited discovery,[4] to hold in

---

[1] ECF No. 1.
[2] ECF No. 12.
[3] ECF No. 27.
[4] ECF No. 21.

abeyance the motion to dismiss or for summary judgment pending discovery,[5] and a motion to amend the complaint,[6] all of which are now ripe for adjudication.[7]  For the reasons that follow, the Court will grant the motion to dismiss as to the FTCA claims because Plaintiff has failed to state a claim upon which relief may be granted, will permit Plaintiff leave to file an amended complaint limited to curing the pleading deficiencies of the FTCA claim, and will deny as moot the remainder of the motions.

## I.  FACTUAL BACKGROUND

Plaintiff is federal prisoner who at all times relevant to the complaint was incarcerated at the LSCI Allenwood.  Federal prisoners such as Plaintiff are classified into one of five security levels, including minimum, low, medium, high, and administrative based on the level of security and staff supervision.[8]  The initial classification is made in accordance with information from the sentencing court, the U.S. Probation Office, the U.S. Marshals, and/or the U.S. Attorney's Office.[9]  The classification is inputted into a computer database called SENTRY and any further changes to the classification are listed under the Inmate Activity Record in SENTRY.[10]

---

[5]  ECF No. 24.
[6]  ECF No. 30.
[7]  ECF No. 30.
[8]  ECF No. 1 at 4-5 (citing BOP Program Statement 5100.08).
[9]  *Id.* at 5.
[10] *Id.*

A Public Safety Factor ("PSF") is relevant factual information regarding the inmate's current offense, sentence, criminal history, or institutional behavior that requires additional security measures to be employed to ensure the safety and protection of the public.[11] A management variable ("MGTV") is also applied and is supposed to reflect and support the professional judgment of Bureau of Prisons staff to ensure the inmate's placement in the most appropriate level of institution.[12] A management variable is required when the placement has been made or maintained at an institution inconsistent with the inmate's security score.[13] There are specific requirements in order to assign management variables.[14] Plaintiff alleges that a PSF is the same as or equivalent to a MGTV, with the only difference being that there is a review and audit process with a PSF versus an MGTV, which is purely discretionary and subject to manipulation by staff to the detriment to an inmate.[15]

Plaintiff alleges that he was initially placed in an MGTV variable based on inaccurate information contained in his presentence investigation report, which expired on January 28, 2017.[16] On February 28, 2017, Defendant Amy Foura-White, Plaintiff's assigned case manager, informed Plaintiff that she submitted him for placement at a minimum custody camp.[17] Plaintiff was advised on March 2, 2017

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.* at 6.
[17] *Id.*

that he was designated to a prison camp.[18] On March 18, 2017, Defendant Foura-White applied an MGTV to Plaintiff, set to expire on May 31, 2018, with the knowledge and consent of Defendant B. Beaver, a unit manager.[19] This MGTV cancelled Plaintiff's designation to a prison camp.[20] Plaintiff inquired as to why he received an MGTV, and Defendant Foura-White informed him that he was a threat to his community based on information contained in his presentence investigation report.[21] Defendant Beaver informed Plaintiff that he would be reevaluated to designation to a minimum security level institution on May 31, 2018.[22] Defendant Foura-White informed Plaintiff that she had no problem with submitting paperwork to designate Plaintiff to a prison camp once the MGTV expires.[23]

During Plaintiff's team review on August 21, 2018, he discovered that Defendant Foura-White had put a "GRTR SECU" MGTV designation on Plaintiff as of May 1, 2018, without notifying Plaintiff and contrary to her representations made to him in February 2018.[24] The current MGTV expires on April 30, 2020.[25] Defendant Foura-White advised Plaintiff that he will never see a prison camp.[26]

---

[18] *Id.*
[19] *Id.* at 7.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*

4

Plaintiff alleges that these actions are arbitrary and capricious and that staff members regularly abuse their authority to retaliate against inmates such as denying them access to prison camps or designation to a facility closed to their families by manipulating the management variable system and submitting false information which is never reviewed or approved by a higher authority.[27] Plaintiff also alleges that he was resentenced in January 2018 and as part of his resentencing, the incorrect information contained in his presentence investigation report regarding allegations of domestic abuse were removed.[28]

Plaintiff began to investigation the circumstances surrounding Defendants Foura-White's and Beaver's action in August 2018.[29] He submitted inmate requests and requested copies of his Form 409, a form that is completed after the placement of a management variable, and progress reports.[30] Defendants refused to provide the Form 409, stating it is FOIA exempt, which Plaintiff alleges is in an attempt to conceal their misconduct and the misconduct of others.[31] Plaintiff alleges that he has a right to access these documents under BOP regulations.[32]

---

[27] *Id.*
[28] *Id.* at 8.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.* at 8-9.

In the complaint, Plaintiff brings claims pursuant to the FTCA for negligence, negligent supervision, malicious prosecution, and injunctive relief.[33] In addition to the defendants named in Plaintiff's factual allegations, Plaintiff has included as Defendants the United States of America, as well as individuals Warden Douglas K. White, Associate Warden M. Washington, M. Blackwell, as an acting unit manager, and Justin Ray Ormond, the BOP's regional director for the northeast region, because they are either responsible for supervision of prison staff or were involved in the administrative remedy process.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[34] When considering a Rule 12(b)(6) motion

---

[33] Defendants construe Plaintiff's request for injunctive relief as a new claim of action brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). While the Court appreciates Defendants willingness to address the request for injunctive relief, it is clear from the face of the complaint that Plaintiff has not brought any claim pursuant to *Bivens*. ECF No. 1 at 1, 12-15. Plaintiff makes no reference to any constitutional claim, case, or constitutional amendment, and the Court will not construe a new cause of action where none exists. *See Feaster v. Fed. Bureau of Prisons*, 366 F. App'x 322, 322 (3d Cir. 2010) (noting that "[t]he District Court determined that it was clear from the face of [the] complaint that he had lodged a singular cause of action under the FTCA and denied defendants' motion on the *Bivens* theory as moot."). The Court notes that Plaintiff cannot challenge his prison classification or prison assignment in a *Bivens* action. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Podhorn v. Grondolsky*, 350 F. App'x 618, 620 (3d Cir. 2009); *Marti v. Nash*, 227 F. App'x 148, 149 (3d Cir. 2007).
[34] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

to dismiss, the court must accept as true all factual allegations.[35] The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[36]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[37] The court need not accept unsupported inferences,[38] nor legal conclusions cast as factual allegations.[39] Legal conclusions without factual support are not entitled to the assumption of truth.[40]

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must

---

[35] *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).
[36] *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).
[37] *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).
[38] *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).
[39] *Twombly*, 550 U.S. at 556.
[40] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[41] A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[42] The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[43]

### III. DISCUSSION

The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment.[44] The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated.[45] The court will grant Defendants' motion to dismiss the FTCA complaint because the individual defendants cannot be sued under the FTCA and Plaintiff has not alleged a physical injury that would entitle him to compensatory damages, which are the only damages recoverable under the FTCA.

---

[41] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[42] *Iqbal*, 556 U.S. at 678.
[43] *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).
[44] *See* 28 U.S.C. § 2675(a).
[45] *See* 28 U.S.C. § 2674.

The individual Defendants argue that Plaintiff cannot proceed with his FTCA claims against them because they are not proper parties under the FTCA. The Court agrees.

Although the FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees, the United States is the only proper defendant in an action brought under the FTCA.[46] Thus, the Court will dismiss the individual Defendants from Plaintiff's FTCA complaint.

In the complaint, Plaintiff seeks only compensatory damages for emotional injuries sustained while not housed in a prison camp and for injunctive relief to remove the management variable so that he may be placed in a prison camp as well as for other conduct not alleged in the complaint by these defendants. Injunctive relief is not available under the FTCA, and the court will thus *sua sponte*[47] dismiss Plaintiff's request for injunctive relief.[48]

---

[46] *Feaster*, 366 F. App'x at 323 ("The only proper defendant in an FTCA suit is the United States itself.").

[47] The Court has an obligation pursuant to 28 U.S.C. § 1915(e)(2)(B to dismiss a claim "at any time the court determines" it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.[47] That section applies to this action because Plaintiff is a prisoner proceeding *in forma pauperis*.[47]

[48] *See Priovolos v. F.B.I.*, 632 F. App'x 58, 59 n.1 (3d Cir. 2015) (citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (recognizing that the FTCA does not authorize federal courts to issue declaratory judgments and injunctions against the United States)); *Michtavi v. United States*, 345 F. App'x 727, 730 n. 4 (3d Cir. 2009) (citing *Hatahley v. United States*, 351 U.S. 173, 182 (1956) (a district court does not possess power under the FTCA to enjoin the United States)).

As to the compensatory damages sought, because Plaintiff is incarcerated, the Prisoner Litigation Reform Act ("PLRA") applies to his claims under the FTCA. The PLRA provides, in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).[49]

A prisoner is required to plead a "less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury" in order to recover compensatory damages for mental or emotional injury.[50]

Because Plaintiff has failed to allege any physical injury in the complaint and the only relief obtainable under the FTCA is compensatory damages, the Court will dismiss without prejudice the FTCA complaint.[51] Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile."[52] The Court will grant leave to amend in order to allow Plaintiff an opportunity to amend his complaint in conformance with this Memorandum Opinion.

---

[49] 42 U.S.C. § 1997e(e).
[50] *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003).
[51] *Id.* at 533-36.
[52] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV. CONCLUSION

Based on the foregoing, the motion to dismiss will be granted, and the complaint will be dismissed without prejudice with leave to amend granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge